```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

PAUL SENATUS,                         )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )    C.A. No. 12-11438-DPW
                                      )
KENYAY MCDONALD FAMILY, et al.,       )
                                      )
        Defendants.                   )
```

MEMORANDUM AND ORDER
August 7, 2012

For the reasons set forth below (1) the plaintiff's motion to proceed *in forma pauperis* is denied; (2) the plaintiff's emergency motion is denied; and (3); the plaintiff is directed to file an amended complaint.

**I.  Background**

On July 27, 2012, Paul Senatus filed a self-prepared complaint and a motion for leave to proceed *in forma pauperis*. The complaint is difficult to understand.  The plaintiff refers to alleged harassment and torture of Senatus's minor son.  The complaint also mentions Boston Medical Center, injury caused by an electronic product, discrimination, and a disagreement with a property manager.

On August 6, 2012, Senatus filed an "emergency motion" (#6) in which he appears to be complaining of harassment of his minor son at Boston Medical Center.  Senatus does not specify the relief that he seeks.

## II.  Discussion

**A.   Motion to Proceed *In Forma Pauperis***

A party filing a civil action must either pay a $350.00 filing fee or file an application to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a) ($350.00 filing fee for civil actions); 28 U.S.C. § 1915 (proceedings *in forma pauperis*).  An application to proceed *in forma pauperis* must include "a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).

Here, Senatus has not disclosed (1) the amount of his disability or workers compensation payments; and (2) the amount of money he has in cash or in a checking or savings account.  I therefore cannot evaluate whether Senatus is eligible for *in forma pauperis* status.  Therefore, I deny the motion to proceed *in forma pauperis* without prejudice to his submission of documentation sufficient to ground an indigency determination.

**II.  Screening of the Complaint**

Invoking a court's inherent power to review potentially frivolous actions, *see Mallard v. United States Dist. Court*, 490 U.S. 296, 307-308 (1989); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000), I review the complaint to determine whether it states a claim for relief.  A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction, *see McCulloch v. Velez*, 364 F.3d 1,

5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).  In conducting this review, I liberally construe the complaint because the plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

    **A.    Failure to State a Claim**

At a minimum, to state a claim for relief a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir.  2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why."  *Id.* (quoting *Educadores*, 367 F.3d at 68).  Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements."  *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

Here, the complaint is subject to dismissal because Senatus has not set fort a short and plain statement of his claim.  Although Senatus has alleged troubling misconduct, he has not

clearly set forth minimal facts as to what each defendant did wrong. Further, I cannot discern what causes of action the plaintiff seeks to bring. In short, the complaint is virtually incomprehensible, and a defendant could not provide a meaningful response to the allegations.

**B.   Subject Matter Jurisdiction**

Federal courts are tribunals of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). Federal district courts may exercise jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332"). "The existence of subject-matter jurisdiction 'is never presumed.'" *Fafel*, 399 F.3d at 410 (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)). Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established." *Id.*

Here, it does not appear that I have subject matter jurisdiction over this action. Jurisdiction does not exist under § 1331 because the plaintiff has not identified a cause of action under federal law. Jurisdiction does not exist under § 1332

4

because Senatus has not alleged that the parties reside in different states (indeed, the complaint appears to allege the defendants, like the plaintiff, are Massachusetts residents) or that the amount in controversy exceeds $75,000.

## C.  Filing of an Amended Complaint

If Senatus wishes to pursue this action, he must file an amended complaint to replace the original complaint.  In addition to compliance with Rule 8 of the Federal Rules of Civil Procedure, discussed above, the amended complaint should conform to the requirements of other federal rules.  "The title of the complaint must name all the parties."  Fed. R. Civ. P. 10(a).  The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Further, where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(2)(A).  Finally, the amended complaint should not contain certain private information, including the full name of a minor child.  *See* Fed. R. Civ. P. 5.2(a)(1).[1]

---

[1] The plaintiff may identify his minor child by using the child's initials.

**C.    Emergency Motion**

In considering whether any preliminary injunctive relief is appropriate, I must consider several factors, including whether the plaintiff has shown a likelihood of success on the merits of his claim.  *See Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006).

In this case, Senatus has not shown a likelihood of success on the merits of his claims because, as discussed above, it is very unclear what his claims are.  Moreover, it does not appear this court has jurisdiction over the matter.  Further, in his "emergency motion," Senatus does not specify what he wishes the court to do, making it impossible to issue an order of relief. *See* Fed. R. Civ. P. 65(d) ("Every order granting an injunction and every restraining order shall . . . be specific in terms; shall describe in reasonable detail . . . the act or acts sought to be restrained.").

### III.  Conclusion

Accordingly:

(1)  The motion to proceed *in forma pauperis* (#2) is DENIED WITHOUT PREJUDICE.  If Senatus wishes to proceed with this action, he must, within thirty-five (35) days of the date of this order, either pay the $350.00 filing fee or file a new application to proceed *in forma pauperis* that contains all necessary financial disclosures.  Failure to comply with this

directive will result of dismissal of this action without prejudice.

    (2)  The emergency motion (#6) is DENIED.

    (3)  If the plaintiff wishes to pursue this action, he must, within thirty-five (35) days of the date of this Memorandum and Order, file an amended complaint that will replace the earlier-filed complaint.  Failure to comply with this directive will result of dismissal of this action without prejudice.

    SO ORDERED.

                                         /s/ Douglas P. Woodlock  
                                         DOUGLAS P. WOODLOCK  
                                         UNITED STATES DISTRICT JUDGE