UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

PAUL SENATUS,                        )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )    C.A. No. 12-11438-DPW
                                     )
KENYAY MCDONALD FAMILY, et al.,      )
                                     )
        Defendants.                  )


                         MEMORANDUM AND ORDER
                            August 16, 2012

    For the reasons set forth below (1) the plaintiff's motion to proceed *in forma pauperis* is denied as moot; (2) the plaintiff's emergency motions and motion for appointment of counsel are denied; and (3) the plaintiff is directed to file a second amended complaint.

## I.  Background

    On July 27, 2012, Paul Senatus filed a self-prepared complaint and a motion for leave to proceed *in forma pauperis*. He later filed an "emergency" motion (#6).  In a memorandum and order dated August 7, 2012 (#8), I denied the motions for leave to proceed *in forma pauperis* and for emergency relief.  I also directed the plaintiff to file an amended complaint.  I explained that the plaintiff had not stated a claim for relief because the complaint, which was virtually incomprehensible, did not set forth a short and plain statement of his claims.  I further explained that it did not appear that subject matter jurisdiction existed.

On August 9, 2012, Mr. Senatus filed an amended complaint (#9) and a motion for leave to proceed *in forma pauperis*. He later filed three motions for emergency relief (## 11, 12, 13) and for appointment of counsel (# 14) and paid the $350.00 filing fee.

**II. Discussion**

**A. Motion to Proceed *In Forma Pauperis***

Because Mr. Senatus has paid the $350.00 filing fee, the motion to proceed *in forma pauperis* is moot. I therefore deny the motion.

**B. Screening of the Amended Complaint**

Although the plaintiff has paid the filing fee, I invoke the Court's inherent authority to review potentially frivolous actions, *see Mallard v. United States Dist. Court*, 490 U.S. 296, 307-308 (1989); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). I review the amended complaint to determine whether it states a claim for relief. I also consider whether subject matter jurisdiction exits. *See* Fed. R. Civ. P. 12(h)(3).

The amended complaint suffers from the same defects as the original complaint. Because it is virtually incomprehensible, it fails to state a claim for relief. *See* Fed. R. Civ. P. 8(a) (pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief"). While it

appears that the plaintiff is attempting to bring claims concerning the harassment of his son and a conflict with a property manager, the amended complaint fails to set forth factual allegations with any degree of clarity. I cannot identify the defendants or the legal claims against them.

Further, the amended complaint does not cure the jurisdictional defects that I discussed in my earlier order. Jurisdiction does not exist under 28 U.S.C. § 1331 because the plaintiff has not identified a cause of action under federal law.[1] To the extent that I am even able to identify the defendants, jurisdiction does not exist under 28 U.S.C. § 1332 because Mr. Senatus has not alleged that the parties reside in different states (indeed, the amended complaint appears to allege the defendants, like the plaintiff, are Massachusetts residents) or that the amount in controversy exceeds $75,000.

## C.   Filing of a Second Amended Complaint

If Mr. Senatus wishes to pursue this action, he must file a second amended complaint. As I explained in my previous order,

---

[1] Although Mr. Senatus refers to his son's rights under the United States Constitution, *see* Amend. Compl. at 8 (plaintiff alleges that his son (was born "U.S. citizen of the United State American the deprive abridge the privileges or immunities of any person of life liberty equal protection by the law" (as in original)), he fails to raise a claim for the violation of federal constitutional rights because he has not alleged, and I cannot reasonably infer, that the defendants are state actors. *See* 42 U.S.C. § 1983 (providing remedy for the violation of federal rights by state actors).

any amended complaint must comply with the Federal Rules of Civil Procedure:

    (1)    It must contain a short and plain statement of the claim. *See* Fed. R. Civ. P. 8(a).

    (2)    "The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a).

    (3)    The claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

    (4)    If there is more than one defendant, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).

    (5)    The second amended complaint must not contain certain private information, including the full name of a minor child. *See* Fed. R. Civ. P. 5.2(a)(1).[2]

**D.**   **Emergency Motions**

As with his earlier emergency motion, in the recently-filed emergency motions Mr. Senatus has not shown a likelihood of success on the merits of his claims because it is very unclear what his claims are. Moreover, it does not appear this court has jurisdiction over the matter. Further, Mr. Senatus does not specify what he wishes the court to do, making it impossible to issue an order of relief.

**E.**   **Motion for Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1), I "may request an attorney to represent any person unable to afford counsel." 28 U.S.C.

---

[2]The plaintiff may identify his minor child by using the child's initials.

§ 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (citations omitted). To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See id. To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, I must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. See id.

Because I cannot discern the plaintiff's claims and it appears that subject matter jurisdiction does not exist, there are no exceptional circumstances that warrant the appointment of counsel. I therefore deny without prejudice the motion for appointment of counsel. Mr. Senatus may file a new motion for appointment fo counsel if and when summonses issue, the second amended complaint is served, and the defendants respond.

**F.  Interaction with Court Staff**

It has been reported to me that Mr. Senatus has repeatedly contacted Court staff on the telephone and in person. It is reported that in some of these communications, he has become agitated, angry, and disrespectful. I must warn Mr. Senatus that, if this objectionable behavior continues, he could face

5

sanctions, including restrictions on his communications with Court staff.

## III. Conclusion

Accordingly:

(1) The motion to proceed *in forma pauperis* (# 10) is DENIED AS MOOT.

(2) The emergency motions (## 11, 12, 13) are DENIED.

(3) If the plaintiff wishes to pursue this action, he must, within thirty-five (35) days of the date of this Memorandum and Order, file a second amended complaint that will replace the earlier-filed complaints. Failure to comply with this directive will result of dismissal of this action without prejudice.

(4) Summonses shall not issue pending the review of the second amended complaint, if one is filed.

(5) The motion for appointment of counsel (# 14) is DENIED WITHOUT PREJUDICE.

(6) The Clerk shall provide Mr. Senatus with a list of legal providers.

SO ORDERED.

    /s/ Douglas P. Woodlock  
DOUGLAS P. WOODLOCK  
UNITED STATES DISTRICT JUDGE